UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. |
| | : | |
| v. | : | |
| | : | |
| **MATTHEW ROBINSON,** | : | (electronically filed) |
| Defendant | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

A. **Violation(s), Penalties, and Dismissal of Other Counts**

1.  Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Information, which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18, United States Code, § 2422(b), attempted enticement of a minor. The penalties for that offense is imprisonment for a

minimum period of 10 years and maximum period of life, a maximum fine of $250,000, a minimum term of supervised release of five years and maximum term of life, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $5,100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged in the Information. The defendant agrees that the United States may, at its sole election, seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court. The defendant further agrees to waive any defenses to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's

2

signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.  <u>Mandatory Minimum Sentence</u>.  Count 1 carries a mandatory minimum period of imprisonment of 10 years.

3.  <u>Term of Supervised Release</u>.  The defendant understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4.  <u>No Further Prosecution</u>.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly

arising out of the defendant's involvement in the offense
described above.

B.  **Fines and Assessments**

5.  <u>Fine</u>.  The defendant understands that the Court may impose a
fine pursuant to the Sentencing Reform Act of 1984.  The willful
failure to pay any fine imposed by the Court, in full, may be
considered a breach of this Plea Agreement.  Further, the
defendant acknowledges that willful failure to pay the fine may
subject the defendant to additional criminal violations and civil
penalties pursuant to Title 18, United States Code, § 3611, et
seq.

6.  <u>Inmate Financial Responsibility Program</u>.  If the Court orders a
fine or restitution as part of the defendant's sentence, and the
sentence includes a term of imprisonment, the defendant agrees
to voluntarily enter the United States Bureau of Prisons-
administered program known as the Inmate Financial
Responsibility Program, through which the Bureau of Prisons
will collect up to 50% of the defendant's prison salary, and up to

4

50% of the balance of the defendant's inmate account, and apply
that amount on the defendant's behalf to the payment of the
outstanding fine and restitution orders.

7. Special Assessment. The defendant understands that the Court
will impose a special assessment of $100, pursuant to the
provisions of Title 18, United States Code, § 3013.  No later
than the date of sentencing, the defendant or defendant's
counsel shall mail a check in payment of the special assessment
directly to the Clerk, United States District Court, Middle
District of Pennsylvania.  If the defendant intentionally fails to
make this payment, that failure may be treated as a breach of
this Plea Agreement and may result in further prosecution, the
filing of additional criminal charges, or a contempt citation.

8. If the defendant is convicted of a human trafficking, sex
trafficking, or child pornography/child sexual exploitation
offense, and if the Court finds the defendant is not indigent, an
additional special assessment of $5,000 will be imposed,
pursuant to Title 18 U.S.C. § 3014(a).

5

9.   Collection of Financial Obligations.  In order to facilitate the
     collection of financial obligations imposed in connection with
     this case, the defendant consents and agrees:

     a.   to fully disclose all assets in which the defendant has an
          interest or over which the defendant has control, directly or
          indirectly, including those held by a spouse, nominee, or
          other third party;

     b.   to submit to interviews by the Government regarding the
          defendant's financial status;

     c.   to submit a complete, accurate, and truthful financial
          statement, on the form provided by the Government, to the
          United States Attorney's Office no later than 14 days
          following entry of the guilty plea;

     d.   whether represented by counsel or not, to consent to contact
          by and communication with the Government, and to waive
          any prohibition against communication with a represented
          party by the Government regarding the defendant's
          financial status;

6

    e.   to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the Court; and

    f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

## C.  <u>Sentencing Guidelines Calculation</u>

10. <u>Determination of Sentencing Guidelines.</u>  The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments (the "Sentencing Guidelines"), will apply to
the offense or offenses to which the defendant is pleading guilty.
The defendant understands that the Sentencing Guidelines are
advisory and not binding on the Court.  The defendant further
agrees that any legal and factual issues relating to the
application of the Sentencing Guidelines to the defendant's
conduct, including facts to support any specific offense

7

characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, a pre-sentence hearing, or a sentencing hearing.

11. Acceptance of Responsibility–Three Levels.  If the defendant can adequately demonstrate recognition and affirmative acceptance of responsibility to the Government as required by the Sentencing Guidelines, the Government will recommend that the defendant receive a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

12. Specific Sentencing Guidelines Recommendations.  With respect to the application of the Sentencing Guidelines to the defendant's conduct, the parties agree to recommend as follows:

8

a. **The base offense level is 28, pursuant to U.S.S.G. §§ 2X2.1 and 2G1.3(a)(3).**

b. **The offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in a prohibited sexual conduct, pursuant to U.S.S.G. § 2G1.3(b)(3)(A).**

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the Court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

9

## D. Sentencing Recommendation

13. Appropriate Sentence Recommendation. At the time of
    sentencing, the United States may make a recommendation
    that it considers appropriate based upon the nature and
    circumstances of the case and the defendant's participation in
    the offense, and specifically reserves the right to recommend a
    sentence up to and including the maximum sentence of
    imprisonment and fine allowable, together with the cost of
    prosecution.

14. Special Conditions of Probation/Supervised Release. If
    probation or a term of supervised release is ordered, the United
    States may recommend that the Court impose one or more
    special conditions, including but not limited to the following:

    a.  The defendant be prohibited from possessing a firearm or
        other dangerous weapon.

    b.  The defendant make restitution, if applicable, the payment
        of which shall be in accordance with a schedule to be
        determined by the Court.

10

c.  The defendant pay any fine imposed in accordance with a
    schedule to be determined by the Court.

d.  The defendant be prohibited from incurring new credit
    charges or opening additional lines of credit without
    approval of the Probation Office unless the defendant is in
    compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office
    and the United States Attorney access to any requested
    financial information.

f.  The defendant be confined in a community treatment
    center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of
    occupations or with certain individuals, if the Government
    deems such restrictions to be appropriate.

11

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

15.  <u>Forfeiture</u>.  The present Information seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the

12

defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

a.  Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Information;

b.  Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c.  Waiver of the right to personal service of all process and naming of Joseph McGraw, Esq. as agent for service of all process;

13

d.   Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.   The filing and entry of a consent decree of forfeiture;

f.   Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.   Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

h.   Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.   In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or

14

employees, including claims for attorney's fees and costs of litigation;

j.   Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.   Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

16. Disclosure of Assets.  This Agreement is entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control.  The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Agreement.

15

The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Agreement, subjecting the defendant to the sanctions set forth in this Agreement.  Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

17. No Further Forfeiture.  As the result of the forfeitures set forth above, the United States agrees not to seek forfeiture of any other asset known to the United States by defendant's disclosure to belong to the defendant or the defendant's family.

18. Forfeiture of Interests/Passage of Clear Title/Destruction Order. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any

16

motion and signing any document necessary to effectuate such transfers.

19. <u>Destruction Order/Waivers.</u>  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized.  If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the

17

requirements of Federal Rules of Criminal Procedure 32.2 and

43(a) regarding notice of the forfeiture in the charging

instrument, announcement of the forfeiture at sentencing, and

incorporation of forfeiture in the judgment.

F.  **Victims' Rights and Restitution**

20.  Restitution for Child Pornography Cases.  The defendant agrees

to allow the court to determine the appropriate restitution

based on Title 18, United States Code, § 2259, for identifiable

victims in the images of child pornography.

21.  Restitution for Identifiable Child Pornography Victims.  The

defendant agrees to pay restitution equal to the loss caused to

any identifiable victim of the offense of conviction, including any

relevant conduct, pursuant to any applicable statute, including

18 U.S.C. § 2259. The defendant further agrees to pay

restitution equal to the loss caused to any identifiable victim of

the defendant's uncharged or dismissed conduct pursuant to 18

U.S.C. §§ 3663(a)(3) and 3663A. The defendant's uncharged or

dismissed conduct for purposes of determining and ordering

18

restitution includes the production, possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct, and any uncharged production, possession, receipt, and distribution of visual depictions of minors engaged in sexually explicit conduct.

G. **Information Provided to Court and Probation Office**

22. <u>Background Information for Probation Office</u>.  The defendant understands that the United States will provide to the United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

23. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material

19

information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

24. <u>Relevant Sentencing Information</u>.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

25. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the

defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H.  **Court Not Bound by Plea Agreement**

26. <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for life years, a fine of $250,000, a maximum term of supervised release of up to life, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $5,100.

27. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.  If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline

22

to follow any recommendations by any of the parties to this
Agreement.

I.  **Breach of Plea Agreement by Defendant**

28.  <u>Breach of Agreement</u>.  In the event the United States believes
the defendant has failed to fulfill any obligation under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the Court to be relieved of its
obligations under this Agreement.  Whether the defendant has
completely fulfilled all of the obligations under this Agreement
shall be determined by the Court in an appropriate proceeding,
during which any disclosures and documents provided by the
defendant shall be admissible, and during which the United
States shall be required to establish any breach by a
preponderance of the evidence.  In order to establish any breach
by the defendant, the United States is entitled to rely on
statements and evidence given by the defendant during the
cooperation phase of this Agreement, if any.

23

29. <u>Remedies for Breach</u>.  The defendant and the United States
agree that in the event the Court concludes that the defendant
has breached the Agreement:

a.   The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

b.   The United States will be free to make any
recommendations to the Court regarding sentencing in this
case;

c.   Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

d.   The United States will be free to bring any other charges it
has against the defendant, including any charges originally
brought against the defendant or which may have been
under investigation at the time of the plea.  The defendant
waives and hereby agrees not to raise any defense to the
reinstatement of these charges based upon collateral

24

estoppel, Double Jeopardy, statute of limitations, assertion

of Speedy Trial rights, or other similar grounds.

30. <u>Violation of Law While Plea or Sentence Pending</u>.  The

defendant understands that it is a condition of this Agreement

that the defendant refrain from any further violations of state,

local, or federal law while awaiting plea and sentencing.  The

defendant acknowledges and agrees that if the Government

receives information that the defendant has committed new

crimes while awaiting plea or sentencing in this case, the

Government may petition the Court and, if the Court finds by a

preponderance of the evidence that the defendant has

committed any other criminal offense while awaiting plea or

sentencing, the Government shall be free at its sole election to

either:  (a) withdraw from this Agreement; or (b) make any

sentencing recommendations to the Court that it deems

appropriate.  The defendant further understands and agrees

that, if the Court finds that the defendant has committed any

other offense while awaiting plea or sentencing, the defendant

25

will not be permitted to withdraw any guilty pleas tendered
pursuant to this Agreement, and the government will be
permitted to bring any additional charges that it may have
against the defendant.

J.  **Registration , Civil Commitment & Transfer of Information in Child Pornography/ Sex Crimes Cases**

31. <u>Sex Offender Registration (Megan's Law/Adam Walsh Act)</u>
<u>Notice</u>.  The defendant understands that the Court, as a
condition of supervised release or probation, must order the
defendant to comply with all sex offender registration
requirements under the Sex Offender Registration and
Notification Act and that, if applicable, defendant must register
and keep registration current and accurate in each of the
following jurisdictions:  the location of residence; the location of
employment; and the location of any school that defendant is
attending.  The defendant understands that such information
must be updated no later than three business days after any
change.  A failure to comply with these and other obligations

26

may subject the defendant to prosecution under federal law.
The defendant acknowledges that one possible consequence of a
guilty plea is that the Court may determine, after the
completion of a sentence, that the defendant is a sexually
dangerous offender and may commit the defendant to a medical
facility for treatment.

32. <u>Civil Commitment as Sexually Dangerous Person</u>.  The
defendant has been advised, and understands, that pursuant to
18 U.S.C. § 4248, the defendant faces potential civil
commitment as a sexually dangerous person, following the
expiration of the defendant's term of imprisonment.  The
defendant understands that potential civil commitment would
be the subject of a separate proceeding.  The defendant further
understands that no one, including the defendant's attorney or
the Court, can predict with certainty the effect of the
defendant's conviction on such a civil commitment
determination.  The defendant nevertheless affirms that the
defendant wants to plead guilty regardless of any potential civil

27

commitment consequences that the defendant's plea may entail, even if the consequence is indefinite civil commitment following the expiration of the defendant's term of imprisonment.

33. <u>Transfer of Case for Child Custody Determinations</u>. The defendant agrees to interpose no objection to the Government's transferring evidence or providing information concerning the defendant or this offense to other state or local authorities or agencies for purpose of child custody proceedings relating to the defendant.

## K.  **Deportation**

34. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

28

L.  **Other Provisions**

35.  Agreement Not Binding on Other Agencies.  Nothing in this
Agreement shall bind any other United States Attorney's Office,
state prosecutor's office, or federal, state or local law
enforcement agency.

36.  No Civil Claims or Suits.  The defendant agrees not to pursue or
initiate any civil claims or suits against the United States of
America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter.  By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

37.  Plea Agreement Serves Ends of Justice.  The United States is
entering this Agreement with the defendant because this

29

disposition of the matter fairly and adequately addresses the
gravity of the offense(s) from which the charge(s) is/are drawn,
as well as the defendant's role in such offense(s), thereby
serving the ends of justice.

38. <u>Merger of All Prior Negotiations</u>.  This document states the
complete and only Agreement between the United States
Attorney for the Middle District of Pennsylvania and the
defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, whether written or oral.  This agreement cannot be
modified other than in writing that is signed by all parties or on
the record in court.  No other promises or inducements have
been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in
connection with this plea.  Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the
defendant's plea is knowing and voluntary, and is not the result

30

of force or threats or promises apart from those promises set
forth in this Agreement.

39. <u>Defendant is Satisfied with Assistance of Counsel</u>. The
Defendant agrees that the defendant has discussed this case
and this Agreement in detail with the defendant's attorney, who
has advised the defendant of the defendant's Constitutional and
other trial and appellate rights, the nature of the charges, the
elements of the offenses the United States would have to prove
at trial, the evidence the United States would present at such
trial, possible defenses, the advisory Sentencing Guidelines and
other aspects of sentencing, potential losses of civil rights and
privileges, and other potential consequences of pleading guilty
in this case. The defendant agrees that the defendant is
satisfied with the legal services and advice provided to the
defendant by the defendant's attorney.

40. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this
Agreement must be signed by the defendant and defense
counsel and received by the United States Attorney's Office on

31

or before **5:00 p.m., August 12, 2022**, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

41. <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

9/16/2022

Date

MATTHEW ROBINSON
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this agreement with the defendant.  To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

9/16/22

Date

JOSEPH MCGRAW, ESQ.
Counsel for Defendant

GERARD M. KARAM
United States Attorney

9/23/22

Date

By: _____

PHILLIP J. CARABALLO
Assistant United States Attorney

AUSA/PCG/2022R00503/August 8, 2022
VERSION DATE:  March 8, 2021